UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BERTHA S.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C20-6024-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence, by discounting her testimony, by declining to weigh lay witness testimony, and by crafting a deficient residual functional capacity ("RFC"). (Dkt. # 24.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1977, has at least a high school education, and previously worked as a medical receptionist and shipping order clerk. AR at 42-43. Plaintiff applied for benefits in October 2017, alleging disability as of September 15, 2016. *Id.* at 33. Plaintiff's application was

ORDER - 1

denied initially and on reconsideration. The ALJ held a hearing in October 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 69-110. In October 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 30-49. In relevant part, the ALJ found Plaintiff's severe impairments of fibromyalgia, digestive distress, anxiety, and adjustment disorder limited her to light work subject to a series of further limitations. *Id.* at 35-38. Based on vocational expert testimony, the ALJ found Plaintiff could perform past relevant work. *Id.* at 42. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. #3.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.  The ALJ Did Not Err in Evaluating the Medical Evidence

Plaintiff filed her disability claim in October 2017. The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the ALJ is required to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial

ORDER - 3

evidence standard of review, which is intended to be highly deferential standard to us."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

   1.   *Examining Psychologist David Barrett, Ph.D.*

Dr. Barrett examined Plaintiff on February 22, 2018, and opined Plaintiff "has serious physical problems which have precipitated anxiety and depression symptoms. Her concentration and memory are affected, perhaps by her anxiety and/or by her pain and medication, and this would make it difficult for her to learn and carry out at least complex job tasks. Her anxiety and pain also make it difficult for her to go out and be around others and this would probably make getting to and staying on a job questionable." AR at 494. The ALJ found Dr. Barrett's opinion "unpersuasive." *Id.* at 42.

The ALJ first discounted Dr. Barrett's opinion as inconsistent with the mental status examination findings, noting Plaintiff "was able to spell a word, do serial counting exercises, and perform a three-step command." AR at 41. The ALJ's finding is not substantially supported by the record. Plaintiff's ability to "spell a word, do serial counting exercises, and perform a three-step command" is not reasonably inconsistent with Dr. Barrett's assessment that Plaintiff would have difficulty "learn[ing] and carry[ing] out at least complex job tasks" and "go[ing] out and be[ing] around others." *Id*. at 494. However, the error is harmless because the ALJ accounted for these limitations in the RFC. *See Molina*, 674 F.3d at 1115.

The ALJ next discounted Dr. Barrett's opinion as inconsistent with Plaintiff's "own abilities," referring to Plaintiff's statements "that she leaves the house every day, she drives places, she shops in stores, and she likes to go to the [m]all to walk[.]" AR at 42. The ALJ noted "while Dr. Barrett said that the claimant's ability to get to and stay on the job are questionable, I conclude his statements were based on inaccurate representations made by the claimant." *Id*.

ORDER - 4

Substantial evidence supports this ground. Notably, Plaintiff reported walking around the mall "2-3 times per week" for "about 2-3 hours." AR at 599. This material inconsistency between the doctor's opinion and Plaintiff's level of activity is a valid reason for rejecting the doctor's opinion. *See, e.g.*, *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's decision to discredit treating physician where his opinions were "inconsistent with the level of activity that [plaintiff] engaged in"); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (upholding ALJ's rejection of treating physician's opinion where it was contradicted by plaintiff's daily activities). The ALJ thus did not err by discounting the doctor's opinion as inconsistent with Plaintiff's own level of activity.

Finally, the ALJ discounted Dr. Barrett's opinion as inconsistent with the "statements of other medical sources." AR at 42. Substantial evidence supports this ground. The ALJ cited numerous treatment records that are at odds with Dr. Barrett's assessment. *See id.* at 39 (citing *id.* at 416, 420, 498, 503, 528, 610, 653, 656, 660, 664, 672, 675, 678, 681, 684, 687, 680, 683). The ALJ accordingly did not err by discounting the doctor's opinion on this ground. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

**B. The ALJ Did Not Err by Discounting Plaintiff's Testimony**

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and made no finding she was malingering. AR at 38-39. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

Among other grounds, the ALJ discounted Plaintiff's testimony as inconsistent with her activities, finding Plaintiff "stated she can drive, attend [c]hurch, and she can do light housework, laundry, and light cleaning" and "is able to shop in stores, walk places, go outside almost every day, handle money, and get along with others without difficulty." AR at 40. As discussed above in the context of Dr. Barrett's opinion, Plaintiff's activities are inconsistent with her allegations. The ALJ accordingly did not err by discounting Plaintiff's testimony on this ground. *See, e.g.*, *Molina*, 674 F.3d at 1113 ("The ALJ could reasonably conclude that Molina's activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks.").

Because the ALJ gave at least one valid reason for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *See id.* at 1115 (where ALJ provided at least one valid reason to discount testimony, error in remaining reasons is harmless).

**C.  The ALJ Did Not Err by Declining to Weigh Lay Witness Testimony**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff argues the ALJ erred by failing to discuss testimony submitted by her husband. The Commissioner avers the error is harmless in light of the similarities between the Plaintiff's testimony and her husband's testimony. (Dkt. # 25 at 12 (citing *Molina*, 674 F.3d at 1122).) The Court agrees with the Commissioner. *See Guith v. Kijakazi*, 2021 WL 3721436, at *1 (9th Cir. Aug. 23, 2021) ("The ALJ's failure to address the lay witness statement of Guith's father was harmless error because the ALJ gave clear and

convincing reasons for rejecting Guith's testimony, and Guith's father's statement was similar to Guith's testimony.") (citing *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)). The ALJ accordingly did not harmfully err by declining to weigh the lay witness testimony.

### D.  The ALJ Did Not Err by Formulating Plaintiff's RFC

Plaintiff argues the Court should find the ALJ's RFC determination is erroneous. The argument is foreclosed because, as discussed above, the ALJ validly assessed the medical evidence and validly discounted Plaintiff's testimony.

### V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 3rd day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7